OPINION OF THE COURT
Joseph P. Kuszynski, J.
Plaintiff, Otto Kurcsics, seeks a declaratory judgment to *282 interpret section 671 of the Insurance Law as it relates to the maximum amount of recovery allowable for lost wages.
In this case which both sides agree is one of first impression, the facts are undisputed. The plaintiff was struck by an automobile owned and operated by James Gantzer, to whom a valid policy of automobile liability insurance was issued by the Merchants Mutual Insurance Company (Merchants). Plaintiff submitted claims to Merchants for medical expenses and lost wages in accordance with the no-fault provisions of the policy. More specifically, plaintiff has submitted proof that his lost wages amount to $1,400 monthly.
Owing to an ambiguity in section 671, Merchants contends that plaintiff is entitled to a maximum of $800 per month, while Mr. Kurcsics maintains he is entitled to $1,000 per month.
The relevant portions of section 671 (Definitions) are: "1. 'Basic economic loss’ means, up to fifty thousand dollars per person: * * *
"(b) loss of earnings from work which the injured person would have performed had he not been injured and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to one thousand dollars per month for not more than three years from the date of the accident causing the injury” * * *
"2. 'First party benefits’ means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle in this state, less:
"(a) twenty percent of lost earnings pursuant to paragraph (b) of subdivision one of this section”.
Merchants maintains that although paragraph (b) of subdivision 1 calls for a recovery of up to $1,000 per month for lost wages, paragraph (a) of subdivision 2 in fact reduces that amount by 20% so as to allow for a maximum of only $800 per month.
It cites for its proposition the regulations of the New York State Insurance Department, a comment in the Albany Law Review (Benedict, New York Adopts No-Fault: A Summary and Analysis, 37 Albany L Rev 662) and several arbitration opinions.
Plaintiffs position is that the provisions of paragraph (b) of *283 subdivision 1 control the maximum recovery. "It is a general rule of statutory construction that words of a statute will be interpreted in their ordinary acceptation and significance and the meaning commonly attributed to them”. (56 NY Jur, Statutes, § 121, and citations.)
A reading of section 671 (subd 1, par [b]) plainly indicates that an injured person will be allowed to receive up to a maximum of $1,000 per month from the carrier for lost wages. The provision of section 671 (subd 2, par [a]) should not then act as a device to limit the stated legislative scheme contained in paragraph (b) of subdivision 1 unless such purpose can be clearly demonstrated. Neither a normal reading of section 671 (subd 2, par [a]) nor the history of the legislative intent of the no-fault law allows for an interpretation of its language to limit the maximum recovery to $800 per month.
Section 671 (subd 2, par [a]) was added as an amendment to section 671 (subd 1, par [b]). While the impact of paragraph (a) of subdivision 2 upon the $1,000 monthly recovery limit of paragraph (b) of subdivision 1 is herein disputed, it is clear that its main purpose was to prevent windfall recovery to injured parties and subsequent financial penalty to insurance carriers. "The lost earnings compensated under this law are not includable in income for the purpose of federal income taxation and accordingly, since the claimant derives a benefit in that respect, the insurance carrier should share in such benefits through the 20% reduction.” (NY No Fault Arbitration Reports, NF-1, vol 1, No. 1, Jan. 1977.)
"Additionally, it should be noted that if the twenty percent deduction is to be allowed in a situation such as this, the insurance carrier would never reach the maximum limits of its exposure for lost earnings as provided for in the law”, (NY No Fault Arbitration Reports, supra), i.e., "up to one thousand dollars per month for not more than three years”. (Insurance Law, § 671, subd 1, par [b]).
According to Webster’s Third New International Dictionary, the preposition "pursuant to” contained in paragraph (a) of subdivision 2 is defined as "in conformance to * * * according to”. Black’s Law Dictionary defines "pursuant” as "conformable to, agreeable to, or in accordance with”.
Thus, the most logical commonsense interpretation of the proposition of paragraph (a) of subdivision 2 is that it was meant to solve a taxation problem and not to limit the amount of recovery allowed. If the Legislature had meant to *284 limit recovery to $800 per month it could have done so by simply changing the text of paragraph (b) of subdivision 1. Paragraph (a) of subdivision 2 is not to be interpreted as controlling the amount of recovery, but as a section to be read in accord with the clearly stated legislative intent of paragraph (b) of subdivision 1.
A review of the historical background of the statute lends further credence to this interpretation. "The terms of a statute are to be interpreted in the light of its historical background * * * [The courts] may consider the history of the period and of the statute itself, the circumstances leading to its enactment, and the relevant conditions existing at the time of enactment”. (56 NY Jur, Statutes, § 162, and citations.)
In his 1972 annual message to the Legislature Governor Rockefeller stated "Under the No Fault Legislation I will recommend to your Honorable Bodies, every accident victim will be compensated for substantially all expenses and losses promptly”. (NY Legis Ann, 1972, p 300, 320.) On passage of the law and its signature, Governor Rockefeller said the law "assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault.” (NY Legis Ann, 1973, p 298.)
To limit recovery to $800 per month for lost wages would penalize those injured parties who earn well in excess of $1,000 per month and in effect deprive them of compensation for a substantial portion of their losses.
It is to be noted Irvin E. Schermer made the observation in his book Automobile Liability Insurance (§ 1.01 [1]) that the New York State no-fault law was being considered by the Legislature at the same time a national No-Fault Insurance Act was before the United States Senate. Although the national statute was never enacted, the provisions of Senate Bill 354 would have required States to pass no-fault acts which met or exceeded the Federal mandated minimum requirement for lost wages of $1,000 per month. It can be assumed that the New York State Legislature set the $1,000 maximum monthly recovery for lost wages, as other States did, so as to conform with the pending Federal guidelines.
Admittedly, section 65.6 of the New York State Insurance Department regulations (11 NYCRR 65.6), interprets section 671 so as to allow for a maximum payment of only $800 per month for lost wages. However, this court concludes that the regulation conflicts " 'with the provisions of the statute [and *285 is] inconsistent with its design and purpose5 and should, therefore, be given no weight55. (Matter of Adams [Government Employees’ Ins. Co.], 52 AB2d 118, 121; Connolly v O’Malley, 17 AD2d 411.)
Merchants is to pay the plaintiff Otto Kircsics, first-party benefits for lost wages in the amount of $1,000 per month, nunc pro tunc from April 1, 1977, for a period of three years or until his disability ceases.
Plaintiff’s request for interest and attorney fees is denied.